UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tiffany Dancy <br> *a/k/a Tiffany Fenty* <br>　　　　　　　　　　Plaintiff, <br><br><br>　　-v.- <br> SWC Group, L.P. *d/b/a Southwest Credit Systems, L.P.* <br><br>　　　　　　　　　　Defendant. | Civil Action No: _____ <br><br> **COMPLAINT** |

Plaintiff Tiffany Dancy *a/k/a Tiffany Fenty* ("Plaintiff" or "Dancy") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant SWC Group, L.P. *d/b/a Southwest Credit Systems, L.P.* ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.　Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.　Plaintiff is a resident of the State of New York, County of Queens, residing at 5930 108th Street, Apt. 3A, Corona, NY 11368.

3. Defendant is a debt collector with an address at 4120 International Parkway, Suite 1100, Carrollton, TX, 75007-1958.

4. SWC Group, L.P. *d/b/a Southwest Credit Systems, L.P.* is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Violation I – January 1, 2017 Collection Letter*

10. On or around January 1, 2017 Plaintiff received a collection letter Defendant.

11. The letter sets forth Plaintiff's 'Account Summary' accordingly:

> Creditor: Verizon
> Creditor Account No.: 5502676910001
> Southwest Reference No.: 61966707
> Principal: $604.45
> **Total Amount Due: $604.45**
> Discounted Amount: $392.89
> Total Payments Received Since Charge Off: $150.00
> Adjustments Made Since Charge Off: $0

12. The first paragraph of the letter states that "your account has a past due balance of $604.45."

13. The letter then advises that Defendant is "willing to resolve your account in full for 65% of the total balance due."

14. The letter also references the receipt of $150.00 payments since charge off.

15. However, Defendant's letter does not provide any additional information regarding the $150.00 payment.

16. The letter is confusing and deceptive on its face as it lists several charges and amounts due on the account, and never clearly states what the current balance due is as of the date of the letter.

17. Specifically, the letter lists the same amount due as "principal" and "total amount due." At the same time, the letter lists "total payments received since charge off: $150.00", but this payment is not incorporated into, nor reflected in any stated balance due.

18. The letter is confusing and deceptive on its face as it fails to clearly and effectively state the current and correct balance due as of the date of the letter.

19. Specifically, the letter fails to clearly state whether the true and actual balance due on the account is the stated "Principal' / "Total Amount Due: $604.45", or is it that amount less the "Total Payments Received Since Charge Off: $150.00".

20. From a facial reading of the letter, the least sophisticated consumer would easily be confused and misled as to current and correct balance due on the account, and thus be prevented Plaintiff from making a payment.

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1).

24. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tiffany Dancy *a/k/a Tiffany Fenty* demands judgment from the Defendant SWC Group, L.P. *d/b/a Southwest Credit Systems, L.P.*:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
December 29, 2017

/s/ Daniel Kohn
By: Daniel Kohn

**RC Law Group, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*